IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, A FOREIGN LIMITED LIABLITY COMPANY,<br>Appellant,<br>vs.<br>SATICOY BAY LLC, A DOMESTIC LIMITED LIABILITY COMPANY,<br>Respondent. | No. 72912<br><br>FILED<br><br>OCT 12 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

We agree with the district court that there was no question of material fact that the HOA's foreclosure sale extinguished appellant Nationstar's deed of trust and that respondent Saticoy Bay was entitled to summary judgment. *See SFR Invs. Pool 1, LLC v. U.S Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (observing that an HOA's proper foreclosure of its superpriority lien extinguishes a deed of trust). Although Nationstar contends that its predecessor tendered the superpriority lien amount to the HOA's agent via a March 2013 letter, we are not persuaded that the predecessor's offer to pay the superpriority amount, once that amount was determined, was sufficient to constitute a valid tender.[1] *See*

---

[1]Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support Nationstar's position. Those cases addressed when a party's

*Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. Unites States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to

---

performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11.

pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

Absent satisfaction of the default as to the superpriority portion of the HOA's lien or any other argument from Nationstar regarding the propriety of the foreclosure sale, that sale extinguished Nationstar's deed of trust. *SFR Invs.*, 130 Nev. at 758, 334 P.3d at 419. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. William D. Kephart, District Judge
       Akerman LLP/Las Vegas
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk